UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 14-62386-CIV-GAYLES/TURNOFF

JMC MEMPHIS, LLC,

    Appellant,

vs.

SONEET R. KAPILA, Chapter 7 Trustee for the
Bankruptcy Estate of Geoffrey Edelsten,

    Appellee.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Appellant JMC Memphis LLC's (the "Appellant" or "JMC") Initial Brief ("Brief") [ECF No. 10]. The Court has reviewed the Brief, the Answer Brief filed by Trustee Soneet Kapila ("Trustee"), all supporting filings, and the record in this case, and is otherwise fully advised in premises. For the reasons set forth below, the Bankruptcy Court's Order is **AFFIRMED**.

### I. BACKGROUND

Appellant brings this appeal from the United States Bankruptcy Court for the Southern District of Florida, pursuant to 28 U.S.C. § 158, and timely filed its Notice of Appeal on October 17, 2014.

Geoffrey Edelsten ("the Debtor") owned membership interests in Investments Australia, LLC ("Investments Australia"), along with two other members, David Levy ("Levy") and Isaac Mawardi ("Mawardi") (collectively, "the members"). In 2012, Investments Australia owned an

apartment complex located in Memphis, Tennessee ("the Property"). Between May 2012 and June 2012, there were fires that occurred to different apartment buildings on the Property. As a representative of Investments Australia, the Debtor entered into a Sale-Purchase Agreement with JMC on August 29, 2012, whereby Investments Australia contracted to sell the Property to JMC for approximately $1,700,000.[1] There was an additional fire on the Property on September 22, 2012, before the closing on the Property, causing severe damage to at least one of the buildings.

After the fires, JMC and Investments Australia executed the Buyers and Seller's Second Amendment to the Contract Relating to Issues Impacting the Closing (the "Second Amendment") to compensate JMC for the fire damage to the Memphis Property. Section 2 of the Second Amendment states that "Seller assigns to Purchaser all right, title, and interest in any payment made to Seller in connection with the *September 22, 2012* claim."[2] [ECF. No. 20-9] (emphasis added). Additionally, Section 3 of the Second Amendment states that "[i]f for any reason, the carrier does not make a payment which is subsequently paid over to Purchaser, Seller shall pay to Purchaser $85,000 . . . " [ECF. No. 20-9]. Thus, from the plain language of the Second Amendment, JMC was only entitled to claims related to the September 22, 2012, fire and not any claims related to the prior fires.

Investments Australia insured the Property through International Hanover LTD ("Hanover"). Investments Australia filed an action against Hanover to recover for all claims related to the fires that occurred on the Property in 2012. The Debtor then filed for bankruptcy on January 9, 2014.[3] Within the bankruptcy action, the members[4] dissolved Investments

---

[1] Mawardi challenged the Debtor's authority to bind Investments Australia to the Sale-Purchase Agreement vis-à-vis a lis pendens purportedly inhibiting closing between Investments Australia and JMC.

[2] The Second Amendment notes that "the Property appears to be covered by a policy of insurance issued by International Hanover LTD," however, the insurance company, International Hanover LTD, asserts that the insurance policy was cancelled on September 18, 2012.

[3] The Debtor originally filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On August 4, 2014, the Debtor moved to convert the bankruptcy case to one under chapter 7 of the Bankruptcy Code.

Australia. In their efforts to dissolve the company, the members participated in mediation with Hanover and counsel for Investments Australia. Pursuant to the mediation, the parties entered into a settlement agreement, including Hanover's agreement to pay $750,000.00 to the Trustee in exchange for full release and preclusion from any person bringing any actions or claims against Hanover related to the Investments Australia insurance policy, including, but not limited to, claims for the September 22, 2012, fire.[5] JMC did not receive notice of the mediation and did not attend.

The Bankruptcy Court scheduled a hearing on the Trustee's motion to approve the settlement on August 7, 2014. On August 5, 2014, JMC formally appeared in the bankruptcy action and filed its objection to the settlement agreement because "Investments Australia assigned all right, title, and interest to the insurance proceeds to JMC," and requested that the hearing be continued. Objection at ¶¶'s 6 and 7. Dennis McLamb ("McLamb") also filed an objection to the settlement agreement, making his own separate claim to portions of the proceeds on the grounds that he had not been compensated for his services as an insurance adjuster. The Bankruptcy Court denied JMC's motion to continue the hearing. At the hearing, JMC and McLamb argued their objections to the settlement before the Bankruptcy Court. After considering their objections, the Bankruptcy Court approved the settlement but required setting aside $100,000.00 each for JMC and McLamb's claims.[6] JMC did not make a contemporaneous objection to the Bankruptcy Court's pronounced Order or request a stay of the Bankruptcy Court's Order. To date, McLamb has not objected to the Bankruptcy Court's findings.

---

[4] Trustee Soneet Kapila represented the Debtor at all times during the underlying bankruptcy action.
[5] Hanover challenged its liability for the fires because of misrepresentations of losses, limitations to coverage after the property has been sold, and a cancelation notice terminating coverage on September 18, 2012. Bankr. Hr'g Tr. 66 Aug. 7. 2014.
[6] The Bankruptcy Court set aside that amount for JMC's claim because it found that JMC would only be entitled to $85,000 for any claim it could bring against the Debtor or Investments Australia, according to Section 3 of the Second Amendment.

JMC now appeals the Bankruptcy Court's Order approving the settlement of the Property insurance claim which bars future claims against the insurer arising from the same controversy. JMC filed the instant appeal on five grounds: 1) violation of due process; 2) lack of subject matter jurisdiction;[7] 3) violation of Florida law; 4) misinterpretation of contract; and 5) misapplication of law.

However, a review of the record shows that JMC has effectively waived its appeal. At the hearing, after the Bankruptcy Court approved the settlement agreement, JMC did not make a contemporaneous objection or request a stay of the execution of the settlement agreement. Likewise, JMC did not file a motion for reconsideration following the Bankruptcy Court's decision. Other than filing the instant appeal, JMC has made no attempt to prevent the execution of the settlement and disbursement of the settlement proceeds. Accordingly, for the reasons set forth below, the appeal is dismissed and the Bankruptcy Court's decision is affirmed.

## II. WAIVER AND MOOTNESS

The Trustee first asserts that JMC's due process and Florida law claims are waived because JMC failed to properly object to the Bankruptcy Court's Order and, therefore, those issues are not preserved for appeal. Additionally, the Trustee argues that JMC's appeal should be dismissed in its entirety as equitably moot. The Court agrees with both.

**A. Waiver**

Generally, an issue is waived if a party fails to object at the trial level. An appellate court may consider issues for the first time on appeal in five exceptional circumstances. *See Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360–61 (11th Cir. 1984). The courts of

---

[7] The Bankruptcy Court had subject matter jurisdiction to approve the stipulation for settlement and Bar Order. *See In re Ryan*, 276 Fed, App'x 963, 966 (11th Cir. 2008) (The Bankruptcy Court has "related to" subject matter jurisdiction of collateral disputes between third parties "when the resolution of that dispute could conceivably have an impact the amount of money in the bankruptcy estate.")

appeals have identified certain exceptional circumstances in which it may be appropriate to exercise this discretion and deviate from this rule of practice. *Id.* at 360. First, an appellate court will consider an issue not raised in the [trial] court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice. *See Id.* at 360-61. Second, the rule may be relaxed where the appellant raises an objection to an order which he had no opportunity to raise at the [trial] court level. *See Id.* Third, the rule does not bar consideration by the appellate court in the first instance "where the interest of substantial justice is at stake." *Id.* Fourth, "a federal appellate court is justified in resolving an issue not passed on below ... where the proper resolution is beyond any doubt." *Id.* Finally, it may be appropriate to consider an issue first raised on appeal if that issue presents significant questions of general impact or of great public concern. *Id.* The Court finds that none of these exceptional circumstances apply.

In its Reply Brief, JMC argues that the Court has the discretion to consider arguments not raised at the lower court. In support of this argument, JMC refers to *Dean Witter Reynolds*, *supra*. While the Court may consider issues raised on appeal in these specific circumstances, it does not excuse a party's obligation to make timely objections. The Court finds that JMC had ample opportunity to make contemporaneous objections and to request a stay of the settlement agreement before the Bankruptcy Court and this Court when the appeal was filed. JMC failed to do so. Even if one of the *Dean Witter Reynolds* exceptions did apply here, as JMC noted, the decision to consider arguments not raised at the lower court is discretionary. *See Id.* The Court does not find that such an extraordinary measure is warranted here, particularly where JMC's failure to raise timely objections resulted in the consummation of the settlement agreement which affects the rights and interest of several parties.

### B. Equitable Mootness

At the heart of JMC's appeal is the desire to disapprove a settlement agreement that has already been consummated. As noted above, JMC seeks this extraordinary relief without having taken any steps to prevent the consummation of the settlement and the distribution of funds to the parties. Notably, JMC did not seek a stay of execution from the Bankruptcy Court or this Court. Therefore, this Court does not find good cause to undo what has already been done.

Equitable mootness occurs in bankruptcy cases "when implementation of the plan has created, extinguished or modified rights, particularly of persons not before the court, to such an extent that effective judicial relief is no longer practically available." *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 841 F.2d 92, 96 (4th Cir.1988). *See, e.g., In re Mountain Laurel Resources Co.*, No. 5:99–0180-CIV, 1999 WL 33542427, at *4 (S.D. W.Va June 9, 1999). The difference between constitutional and equitable mootness has been described as an "inability" versus an "unwillingness" to affect the outcome of a case. *See, e.g., McLean Square Assoc. v. J.W. Fortune, Inc. (In re McLean Square Assoc.)*, 200 B.R. 128, 132 (E.D. Va. 1996). The equitable mootness doctrine seeks to "strike the proper balance between the equitable considerations of finality and good faith reliance on a judgment and the competing interests that underlie the right of a party to seek review of a bankruptcy court order adversely affecting him." *In re Lett*, 632 F.3d 1216, 1226 (11th Cir. 2011). Here, the Trustee argues that both constitutional and equitable mootness apply. The Court finds, however, that it need not reach the issue of constitutional mootness because the concept of equitable mootness clearly prevents JMC from relief on appeal.

Under the equitable mootness inquiry in the Eleventh Circuit, an appeal of an order confirming a chapter 11 plan may be dismissed where the order has already been "so

substantially consummated that effective relief is no longer available." *Id.* at 1225 (quoting *In re Club Assocs.*, 956 F.2d 1065, 1069 (11th Cir. 1992)). "Even if substantial consummation has occurred, a court must still consider all the circumstances of the case to decide whether it can grant effective relief." *Id.* at 1225 (quoting *In re Club Assocs.*, 956 F.2d at 1069). According to the Eleventh Circuit, such circumstances include, but are not limited to, the Court's consideration of the following questions:

> Has a stay pending appeal been obtained? If not, then why not? Has the plan been substantially consummated? If so, what kind[s] of transactions have been consummated? What type of relief does the appellant seek on appeal? What effect would granting relief have on the interests of third parties not before the court?

*In re Club Assocs.*, 956 F.2d at 1069. In the present case, all of the answers to these questions weigh in favor of dismissal of JMC's appeal. A stay of the settlement agreement was not issued by the Bankruptcy Court or this Court because it was not requested by JMC. As a result, funds have since been distributed to multiple parties, including third parties.

Appellant now seeks to undo the entire settlement agreement in an effort to obtain the entire proceeds of the settlement, which would require the Court to disgorge funds from various third parties. This Court declines to take such extraordinary steps due to JMC's lack of diligence. Importantly, Hanover originally refused to provide coverage for the fires at the Property, asserting that Investments Australia's insurance policy was terminated before the September 22, 2012, fire. Hanover would not have settled with any party without the bar order that JMC now wants reversed.

## III. CONCLUSION

For these reasons, JMC effectively waived its substantive arguments when it failed to take steps to further prevent the consummation of the settlement after the Bankruptcy Court's approval. The Court further finds that JMC's appeal must also be dismissed as equitably moot.

Accordingly, it is

**ORDERED AND ADJUDGED** that Appellant's appeal shall be **DISMISSED**. It is further

**ORDERED** that the Order of the Bankruptcy Court's Order approving the settlement and Bar Order is **AFFIRMED**.

The Clerk is directed to **CLOSE** this case. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of September, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record